```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BYRON MEEKS,**

        **Plaintiff,**

**v.**                                **CIVIL ACTION NO. 1:19CV144**
                                                  **(Judge Keeley)**

**JOE MARTIN, ROB McCLUNG,**
**AND TOM JOYCE,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING
IN PART REPORT AND RECOMMENDATION [DKT. NO. 10], OVERRULING
OBJECTIONS [DKT. NO. 13], AND TRANSFERRING CASE TO THE UNITED
STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**I.**

On July 31, 2019, the pro se plaintiff, Byron Meeks ("Meeks"), filed this case seeking an injunction against defendants, Joe Martin, Rob McClung, and Tom Joyce (Dkt. No. 1). His complaint alleges that the defendants have harassed him following the Wood County, West Virginia Magistrate Court's dismissal of a criminal complaint against him for destruction of property. Id. The complaint further alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. Id. at 2.

On August 6, 2019, the Honorable Michael John Aloi, United States Magistrate Judge, filed a Report and Recommendation ("R&R") recommending that the Court transfer the case to the docket of the United States District Court for the Southern District of West Virginia for all further proceedings (Dkt. No. 10). Magistrate

**MEEKS V. MARTIN**                                                     **1:19CV144**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 10], OVERRULING OBJECTIONS [DKT. NO. 13], AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

Judge Aloi concluded that, because all parties are residents of Parkersburg, West Virginia, and because all acts giving rise to the complaint occurred there, the Court does not have jurisdiction and the case should be transferred pursuant to 28 U.S.C. § 1404(a).

In the R&R, Magistrate Judge Aloi also informed Meeks of his right to file "written objections identifying the portions of the Report and Recommendation to which objection is made, an the basis for such objection." Id. at 2. He further warned Meeks that his failure to do so would result in waiver of the right to appeal. Id.

On August 19, 2019, Meeks filed timely objections to the R&R's recommendation to transfer the case "due to the importance of the injunction, so that it may be set into place for the fear of more retaliation from the City of Parkersburg" (Dkt. No. 13 at 1). In his objections, he argues that a transfer would undercut the "primary purpose" of the venue statute, and that a federal statute "could lie in any district for a fair trial." To his objections, Meeks attached the cover page of an unrelated case in the United States District Court for the Southern District of West Virginia, id. at 4, which, Meeks claims, establishes that a transfer would be a "waste of expense and time," id. at 1, as well as a copy of the

2

**MEEKS V. MARTIN**                                                  1:19CV144

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 10], OVERRULING OBJECTIONS [DKT. NO. 13], AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

City of Parkersburg Code Enforcement citations and a photo of his property. Id. at 5-9.

**II.**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Following de novo review of the R&R and the record, the Court concludes that Meeks's objections lack merit. "Venue refers to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general." 28 U.S.C. § 1390. Specifically, a civil action may be brought in:

**MEEKS V. MARTIN**                                                1:19CV144

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 10], OVERRULING OBJECTIONS [DKT. NO. 13], AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391.

When a case is filed in the wrong venue, a district court "shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The purpose of this statute is to avoid injustice which may result from dismissing an action, especially when plaintiff has made a mistake with respect to venue. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467, 82 S. Ct. 913, 916 (1962).

In contrast, when a case is filed in the proper venue, 28 U.S.C. § 1404 provides for the transfer of venue "for the convenience of the parties and witnesses . . . to any other district or division where it might have been brought or to any

4

**MEEKS V. MARTIN**	**1:19CV144**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 10], OVERRULING OBJECTIONS [DKT. NO. 13], AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

district to which all parties have consented." See Van Dusen v. Barrack, 376 U.S. 612, 634, 84 S. Ct. 805, 818 (1964) ("Although both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege.")

Here, venue is only proper in the United States District Court of the Southern District of West Virginia. In the first place, all of the defendants reside in Parkersburg, West Virginia, which is located in the Southern District of West Virginia. 28 U.S.C. § 1406(1). Secondly, all of the events giving rise to Meeks's claims are located in Parkersburg, West Virginia. § 1406(2). Further, Meeks's objections as to the proper venue for this action amount to a mistake with respect to the venue statute. The Court therefore adopts the recommendation of Magistrate Judge Aloi that this case be transferred to the United States District Court for the Southern District of West Virginia.

The Court rejects the R&R to the extent that it states that the court lacks jurisdiction and 28 U.S.C. § 1404(a) is the proper statute for transfer. The Court has subject matter jurisdiction

**MEEKS V. MARTIN**                                                          1:19CV144

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING
IN PART REPORT AND RECOMMENDATION [DKT. NO. 10], OVERRULING
OBJECTIONS [DKT. NO. 13], AND TRANSFERRING CASE TO THE UNITED
STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

over RICO claims. 18 U.S.C. § 1964(c). Further, because venue is not proper in the Northern District of West Virginia, where this case was originally filed, the case may be properly transferred pursuant to 28 U.S.C. § 1406(a), not § 1404(a).

### III.

Therefore, because venue cannot lie in the Northern District of West Virginia, the Court:

- **OVERRULES** Meeks's Objections (Dkt. No. 13);

- **ADOPTS IN PART** and **REJECTS IN PART** the R&R (Dkt. No. 10);

- **ORDERS** that this action be **TRANSFERRED** to the United States District Court for the Southern District of West Virginia for all further proceedings; and

- **ORDERS** that this action be **STRICKEN** from the docket of this Court.

It is so **ORDERED**. The Court **DIRECTS** the Clerk transmit copies of this order to counsel of record and the pro se plaintiff, by certified mail and return receipt requested.

DATED: November 27, 2019.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE