```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON


BYRON MEEKS,

        Plaintiff,

v.                                  Civil Action No. 2:19-cv-00846

JOE MARTIN, ROB MCCLUNG,
and TOM JOYCE

        Defendants.
```

MEMORANDUM OPINION AND ORDER

Pending are the objections to the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley, filed by the plaintiff, Byron Meeks, on February 18, 2020.

I.  Procedural History

The plaintiff initiated this action pro se in the United States District Court for the Northern District of West Virginia on July 31, 2019. See ECF No. 1 ("Compl."). The plaintiff alleges that the defendants "continually harassed" him after the dismissal of a criminal case against him for destruction of property. See id. at 2. The three defendants are local government officials for Parkersburg, West Virginia: Joe Martin is the Chief of Police of the City of Parkersburg,

1

Rob McClung is the Code Director for the City of Parkersburg, and Tom Joyce is the Mayor for the City of Parkersburg.[1] See id.; ECF No. 15 at 3. The plaintiff further alleges that defendant Joe Martin seized four cars from the plaintiff's business without due process or a warrant, and without payment or compensation. See Compl. at 2. The plaintiff's handwritten complaint reads, in pertinent part:

> Since [the dismissal of the criminal case for destruction of property], I have been continually harassed by the defendants through their positions held in our local government (police harassment, harassment from local board of zoning), effectively closing my small repair shop in my garage. I also have evidence of further wrong doings [sic] of the defendants up to and including possible RICO violations and criminal activity. Also without Due Process or nature of a warrant[,] Mr. Martin siezed [sic] four cars from our business which have allicated [sic] bills against them and we were never paid nor compensated for the loss of money owed.[2]

Id.

The plaintiff purports to bring claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, and the Due Process Clause of the Fourth

---

[1] The address listed for the defendants on the complaint is 1 Government Square, Parkersburg, WV 26101, which is the address for the Parkersburg City Hall. See Compl. at 1.

[2] The court notes that a few extra words appear to have been cut at the very bottom of the complaint. The records of the court and of the Northern District of West Virginia both show the same text. The plaintiff does not raise this as an issue.

Amendment to the United States Constitution. See id.; see also ECF No. 16 at 4-14 (confirming the two causes of action). The plaintiff seeks an unspecified amount of damages and injunctive relief. Compl. at 3.

On August 22, 2019, the defendants filed a motion to dismiss for insufficient service of process and for failure to state a claim upon which relief can be granted. See ECF No. 14 ("Mot. Dismiss"). The plaintiff timely filed a response, see ECF No. 16, to which the defendants timely filed a reply, see ECF No. 18. The plaintiff then filed a motion for default judgment for falsification of evidence on October 10, 2019. See ECF No. 19. The plaintiff's motion alleges that the defendants falsified an exhibit attached to their reply in support of the motion to dismiss. See id. at 1. The defendants timely filed a response, see ECF No. 20, but the plaintiff did not reply. On November 22, 2019, the plaintiff filed a motion for preliminary injunction. See ECF No. 21. The defendants timely filed a response, see ECF No. 25, but the plaintiff did not reply.

On November 27, 2019, the matter was transferred to this court pursuant to 28 U.S.C. § 1406(a) for improper venue because "all of the defendants reside in Parkersburg, West Virginia, which is located in the Southern District of West Virginia" and because the events giving rise to the plaintiff's

3

claims occurred in Parkersburg. See ECF No. 22 at 5-6. This action was then referred to United States Magistrate Judge Dwane L. Tinsley for consideration in accordance with 28 U.S.C. § 636(b)(1)(B) and the Standing Order in this district.

Magistrate Judge Tinsley filed a PF&R on January 29, 2020, recommending that the court grant the defendants' motion to dismiss (ECF No. 14), deny the plaintiff's motions for default judgment for falsification of evidence (ECF No. 19) and for preliminary injunction (ECF No. 21), and accordingly dismiss the matter. See ECF No. 26 ("PF&R") at 1. The plaintiff timely filed written objections on February 18, 2020. See ECF No. 27 ("Objs.").

II. Standard of Review

The court reviews de novo those portions of a Magistrate Judge's PF&R to which objections are timely filed. 28 U.S.C. § 636(b)(1); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

III. Analysis

The plaintiff raises four objections to the PF&R: (1) that the plaintiff sufficiently served the defendants' appointed council through a process server, (2) that the Magistrate Judge

4

erred in finding that the complaint fails to state a claim upon which relief can be granted, (3) that the case should not be dismissed for lack of standing, and (4) that the defendant failed to file timely an answer to the complaint.[3] The plaintiff does not object to the findings and recommendation to dismiss the motion for default judgment for falsification of evidence or the motion for preliminary injunction.

A document filed pro se is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Sause v. Bauer, 138 S. Ct. 2561, 2563 (2018) (per curiam) (finding that a pro se complaint could be understood to allege Fourth Amendment claims that must be addressed in considering a motion to dismiss).

A. Service of Process

The Magistrate Judge found that the plaintiff did not properly effectuate service of process upon the defendants. See PF&R at 4. The Magistrate Judge determined that the plaintiff

---

[3] The plaintiff lists more than four objections, but the court finds that several objections relate to the same issue of the sufficiency of the complaint.

himself personally served process on August 1, 2019 and signed the proof of service forms himself for each of the defendants. See id. (citing ECF No. 6 at 2; ECF No. 7 at 2; ECF No. 8 at 2). One who is a party to the suit may not effect service of process. As set forth in Rule 4: "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). The Magistrate Judge further found that the plaintiff attempted to serve three entities who are not named defendants in this action: the Parkersburg Police Department, the Parkersburg Municipal Court, and the Parkersburg Zoning Administration. See id. (citing ECF Nos. 6, 7, 8).

In his objections, the plaintiff alleges that he also later served the defendants' "appointed council" through process server Shawn Thomas Stark, NAPPS Member #9554, on September 11, 2019. See Objs. at 1. Signed and dated copies of the summons and proofs of service were filed with the United States District Court for the Northern District of West Virginia on September 27, 2019. See ECF No. 17. The three proofs of service from Mr. Stark affirm that he served the summons for "Tom Joyce, Mayor of The City of Parkersburg," "Joe Martin, Chief of Police for The City of Parkersburg," and "Bob McClung, Director of Code Department for City of Parkersburg" by serving the summons on

"Brittany Harding, Paralegal for Joe Santer, Attorney for The City of Parkersburg" on September 11, 2019. See id. at 2, 4, 6.

A city defendant is properly served by (1) "delivering a copy of the summons and of the complaint to [the city's] chief executive officer," or (2) by "serving a copy of [the summons and of the complaint] in the manner prescribed by that state's law for serving a summons or like process on [a city] defendant." Fed. R. Civ. P. 4(j)(2). Under West Virginia law, service on a city defendant requires delivering or mailing (by certified or first-class mail) a copy of the summons and of the complaint upon the "mayor, city manager, recorder, clerk, treasurer, or any member of its council or board of commissioners." See W. Va. R. Civ. P. 4(d)(6)(A). The City Attorney is not authorized to receive service of process on behalf of the City of Parkersburg.[4] The service made on Ms. Harding, the paralegal, was therefore wholly insufficient.

---

[4] Other federal courts have similarly held that service on a City Attorney was insufficient where the City Attorney was not authorized under state law to receive service on behalf of the city. See, e.g., Reints v. City of Rapid City, S.D., No. CIV. 13-5043-JLV, 2015 WL 5254325, at *5 (D.S.D. Sept. 9, 2015) (state law allows for service on a municipality by serving "the mayor or any alderman or commissioner"); McGuinn v. City of Sacramento Police Dep't, No. 2:13-CV-00740-JAM, 2013 WL 3804051, at *3 (E.D. Cal. July 19, 2013) (state law allows for service on a public entity by serving "the clerk, secretary, president, presiding officer, or other head of its governing body").

The plaintiff "bears the burden of proving adequate service once a [Rule 12(b)(5)] motion to dismiss for insufficient service of process has been filed." Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam). The plaintiff failed to effect proper service of process on the defendants individually or as officers of the municipal government. The complaint is properly dismissed for insufficient service of process.

B. Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson, 127 S. Ct. at 2200. The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563). Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level" such that relief is "plausible." Twombly, 550 U.S. at 555-56. A "formulaic recitation of the elements of a cause of action will not do." Id. at 555.

The Magistrate Judge in this case found that the plaintiff made little effort to explain how the facts alleged in the complaint satisfy the elements of his claims for Fourth Amendment or RICO violations. PF&R at 6. The plaintiff argues that the Magistrate Judge improperly examined material outside of the complaint. See Objs. at 2-3. The plaintiff also argues that the allegations in the complaint should be treated as true, and that the complaint only needs a brief statement of the alleged violations without the need for specific detail. See id. at 2. There is no dispute that the plaintiff's allegations in the complaint are to be construed as true. See Erickson, 551

9

U.S. at 94. However, it is not the case that the complaint does not need specific details. The "short and plain statement" of a complaint must still allege enough facts to show an entitlement to relief that is plausible. Twombly, 550 U.S. at 555-56. The court reviews the plaintiff's causes of action to determine whether the complaint asserts enough facts for a plausible entitlement to relief.

### (1) Fourth Amendment Claim

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Personal property constitutes an "effect" within the meaning of the Fourth Amendment. Altman v. City of High Point, N.C., 330 F.3d 194, 203 (4th Cir. 2003). "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). Fourth Amendment rights are personal rights that may not be vicariously asserted. United States v. Bullard, 645 F.3d 237, 242 (4th Cir. 2011) (citing United States v. Quinn, 475 U.S. 791, 794 (1986)).

The Magistrate Judge found that the plaintiff failed to state a claim for Fourth Amendment violations because the plaintiff does not own the allegedly seized vehicles or otherwise have a possessory interest in them. PF&R at 8. The plaintiff presents two arguments in his objections to the Magistrate Judge's finding. First, the plaintiff argues that he had a bailment relationship with the vehicles such that he is responsible for any damages or theft of the vehicles as if they were his own. See Objs. at 3. Second, the plaintiff alleges that he had a possessory interest in the vehicles (or at least in two of the vehicles) because he owns the engines in two of the vehicles for which his customers had not yet paid. See id.

The complaint alleges that defendant Martin seized four vehicles "from [the plaintiff's] business" without a warrant and without payment or compensation for the vehicles. Compl. at 2. The claim is not asserted against defendants Joyce or McClung. The plaintiff does not provide the date when these vehicles were allegedly seized, the location from where they

were seized,[5] or whether he has ownership or a possessory interest in the vehicles. The plaintiff only asserts a bailment relationship in his objections to the PF&R, more than six months after filing the complaint and after numerous pleadings. The plaintiff also alleges for the first time in his objections that he owns the engines in two of the vehicles. These allegations are outside the "four corners" of the complaint and are untimely. The complaint is completely devoid of sufficient factual details to raise a right to relief above the speculative level. Accordingly, the Fourth Amendment claim is properly dismissed for failure to state a claim.

    (2)   <u>RICO Claim</u>

RICO prohibits various activities generally associated with organized crime. <u>ESAB Grp., Inc. v. Centricut, Inc.</u>, 126 F.3d 617, 626 (4th Cir. 1997) (citing 18 U.S.C. § 1962). The

---

[5] Although the plaintiff alleges that the vehicles were seized from his "business" operated out of his garage, later pleadings reveal that the vehicles were seized from a non-contiguous vacant lot. <u>See</u> ECF No. 18 at 2-3; ECF No. 18-1. There is no dispute that the plaintiff had a variance to operate his commercial repair shop from his garage in a residential area, but the variance only applies to the plaintiff's garage. <u>See</u> ECF No. 18 at 2; ECF No. 18-1. A condition of the variance is that "no vehicle parts are to be stored outside the garage." <u>See</u> ECF No. 19-15. The plaintiff has not alleged or presented any information to show that he received a variance to store the vehicles in the vacant lot from which they were seized, or anywhere other than his garage, in connection with his business.

statute provides a private cause of action to "[a]ny person injured in his business or property by reason of a violation of" the RICO provisions. Id. (citing 18 U.S.C. § 1964(c)). The elements of a civil RICO claim are "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." Salinas v. United States, 522 U.S. 52, 62 (1997). To state a civil RICO claim, a plaintiff must allege "at least two acts of racketeering that form a [continuing] pattern of racketeering activity," and "a relationship among the defendant's activities showing they had the same or similar purposes." See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 505 (4th Cir. 1998).

The complaint alleges that the defendants "continually harassed" the plaintiff "through their positions held in [the] local government," "effectively closing [his] small repair shop in [his] garage." See Compl. at 2. The Magistrate Judge found that the complaint does not contain factual detail about the alleged harassment or how such harassment constitutes "racketeering activity" for a civil RICO claim. PF&R at 7. The plaintiff argues that he does not "need to establish a

Racketeering Injury distinct from [the injury] that occurred as a result of the predicate acts."[6]  See Objs. at 2.

Even if the plaintiff does not list every element of the RICO offense, the complaint must contain enough facts to demonstrate that the plaintiff's entitlement to relief under RICO is plausible.  The plaintiff does not allege enough facts to assert a RICO claim because he fails to allege the minimum facts for "at least two acts of racketeering."  Although the plaintiff alleges that he has evidence of wrongdoing by the defendants "including possible RICO violations," he does not provide any facts about this evidence.  The allegation remains conclusory and the complaint is properly dismissed with respect to the plaintiff's RICO claim.

C. <u>Standing</u>

The defendants did not raise standing as an issue in their pleadings and the Magistrate Judge does not address standing in the PF&R as a basis for dismissing the case.[7]  Since

---

[6] The plaintiff argues the same in his response to the motion to dismiss.  See ECF No. 16 at 4-5.

[7] The defendants moved to dismiss the case pursuant to Rule 12(b)(5) (insufficient service of process) and Rule 12(b)(6) (failure to state a claim upon which relief can be granted).  See ECF No. 14 at 1.  The defendants did not move to dismiss the case for lack of standing under Rule 12(b)(1).

the plaintiff's claims have already been dismissed for insufficient service of process and for failing to state a claim upon which relief can be granted, the court does not consider the plaintiff's standing to assert his claims.

D.   Failure to File an Answer

Unless otherwise specified in the Federal Rules of Civil Procedure or in federal statute, a defendant "must serve an answer . . . within 21 days after being served with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A)(i).  A Rule 12(b) motion "must be made before pleading if a responsive pleading is allowed."  Id. 12(b).  Filing a Rule 12(b) motion alters the 21-day time period.  See id. 12(a)(4).  "[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."  Id. 12(a)(4)(A).

The defendant timely filed a motion to dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(6) on August 22, 2019.  The filing of the motion to dismiss negated the 21-day deadline to file a responsive pleading until the court acts on the motion.  No responsive pleading is necessary because the motion to dismiss is granted and the case is dismissed.

## IV. Conclusion

Accordingly, having received the PF&R and the plaintiff's objections, and having reviewed the record <u>de novo</u>, it is ORDERED that:

1. The plaintiff's objections to the PF&R be, and they hereby are, overruled;

2. The findings made in the PF&R be, and they hereby are, adopted by the court and incorporated herein;

3. The defendants' motion to dismiss (ECF No. 14) be, and it hereby is, granted;

4. The plaintiff's motions for default judgment for falsification of evidence (ECF No. 19) and for preliminary injunction (ECF No. 21) be, and they hereby are, denied;

5. The plaintiff's action be, and it hereby is, dismissed without prejudice and removed from the docket of the court.

The Clerk is directed to forward copies of this memorandum opinion and order to the plaintiff, all counsel of record, and the United States Magistrate Judge.

ENTER: April 23, 2020

John T. Copenhaver, Jr.
Senior United States District Judge